## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERENCE LAMONT BAGBY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JUSTIN JONES, )<br>)<br>Respondent. ) | NO. CIV-10-1086-D |

### O R D E R

Petitioner, a state prisoner appearing *pro se*, brought this action for habeas relief pursuant to 28 U. S. C. § 2254. He challenges his conviction in the District Court of Oklahoma County for the crime of trafficking in cocaine base after conviction of two or more drug-related felonies, for which he was sentenced to life imprisonment without possibility of parole. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Bana Roberts for initial proceedings. On December 30, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 19] in which she recommended the Petition be denied. Because Petitioner timely filed an objection, the matter is reviewed *de novo.*

In the Report and Recommendation, the Magistrate Judge set out the background of this matter in detail. In summary, Petitioner timely appealed his conviction, and it was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA"). He then filed this habeas action, asserting seven grounds for relief. His bases for relief assert errors at both the first, or guilt, phase of his trial and the second, or sentencing, phase.

Prior to addressing the specific claims asserted by Petitioner, the Magistrate Judge explained

the standard governing habeas review by a federal court. As she noted, habeas relief may be granted only if the OCCA's adjudication on the merits of a federal claim resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. § 2254(d)(1). Judicial review is limited to the result of the OCCA's decision, not its reasoning. *Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004). A state decision is contrary to clearly established law if the state court applied a rule that "contradicts the governing law" set forth in Supreme Court decisions, or if the facts presented were "materially indistinguishable" from those considered by the Supreme Court, and the state court "unreasonably applies" the governing legal principle to the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 405-06, 413 (2000). This Court's review is subject to a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster,* __U.S.__, 131 S.Ct. 1388, 1398 (2011) (citations omitted). Factual findings made by a state trial or appellate court are presumed correct, and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Applying the foregoing standards, the Magistrate Judge considered each of Petitioner's seven claims in light of the record and the decision of the OCCA. She considered each issue in detail, and applied the correct analysis to the OCCA's determination of the issues on appeal. Having done so, she concluded that Petitioner had failed to show a right to habeas relief on any of the seven grounds asserted.

The Court has reviewed the Report and Recommendation in light of the state records presented. The Court has also reviewed Petitioner's arguments and his objection to the Report and Recommendation. Having thus reviewed this matter *de novo*, the Court concludes the Magistrate

Judge correctly determined that Petitioner has not show a basis for habeas relief. The Report and Recommendation [Doc. No. 19] is adopted as though fully set forth herein, and habeas relief is denied. Accordingly, Petitioner's motions to expand the record [Doc. No. 3] and for appointment of counsel [Doc. No. 4] are denied as moot. Judgment shall enter accordingly.

IT IS SO ORDERED this 19th day of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE